#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

#### A. D. 1836.

---

## PAGE EATON *vs.* JACOB RICE.

A witness may be permitted to state generally what he understood a contract between two persons to have been from their conversation; and this will be evidence to be weighed by a jury, although he may not be able to state the terms used by the parties in making the agreement.

Where one of two owners of adjoining lots of land sees the other erect a permanent fence between their lands, without making any objection, this is evidence of an agreement on his part that the fence is erected on the true line.

THIS was a writ of entry, brought to recover a tract of land in Henniker, and was tried upon the general issue at September term, 1836.

The parties were owners of adjoining lots of land; and the land demanded in this suit was a strip lying on the dividing line, about eight feet wide and thirty rods long.

The question was, where the dividing line between the lots was.

It appeared that in the spring of 1835 the parties were together upon the land now in dispute, and had a conversation about the line; and a witness who was present at that time stated that he understood, by their conversation, that they then agreed where the true line was.

Soon afterwards the demandant employed a workman to erect a wall upon that line; and while the workman was

engaged in making the wall the tenant was there several times and made no objection; but said he was glad the demandant owned the adjoining land, because there would be now a good fence.

There was other evidence, which tended to prove that the tenant afterwards recognized the same line as the true dividing line.

It did not appear that there had ever been any controversy about the line until after the wall had been erected by the demandant, when the tenant began to insist upon another line.

The court instructed the jury, that if the parties had agreed upon the line, they were bound by the agreement; and that the circumstance that the tenant was present when the wall was building, and made no objection, was very strong evidence of such an agreement; and that the force of that evidence was not at all weakened by the circumstance that there had been no dispute about the line up to that time.

The jury having returned a verdict in favor of the demandant, the tenant moved for a new trial upon the above case.

*S. Smith*, and *Farley*, for the demandant.

*Peaslee*, and *Bartlett*, for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

It is objected, in this case, that the demandant's witness was improperly permitted to state generally what he understood the agreement between the parties to have been, as to the line between their lands, from their conversation on the subject. This exception has frequently been taken and overruled; but it is not known that the question it presents has ever been considered by the whole court.

We have now attentively considered the objection, and are of opinion that it cannot be sustained.

If a witness should undertake to state in detail all that was said by two persons in making a contract, in the precise order in which it was said, and exactly as said, it would amount to nothing more than stating what he understood them to say.

But it can rarely happen that a witness, who was present when a conversation was had between two individuals, can at any time afterwards, and particularly at any distant time, state precisely what was said by them, although he may recollect distinctly an agreement made between them at that time. If, then, in all cases the witness is required to state what was said so accurately that the jury may be enabled to judge by the terms used what a contract was, it must frequently happen that a contract not in writing cannot be proved at all. And if, on the other hand, he is not required to state precisely what was said, his evidence can, in the nature of things, amount to nothing more than what he understood by the conversation of the parties.

But the recollection of a witness, as to what an agreement between parties was, according to his understanding of what was said by them at the time, may be very satisfactory evidence, although he may not be able to recollect distinctly one word that was said. Indeed, in many cases it is the best, the only evidence, which a party can be supposed to have it in his power to produce.

The credit that may be due to a witness in these cases may depend much on his being able to detail enough of the conversation to show that his understanding of the matter was probably right. But what he understood is, in all cases, evidence to be weighed by the jury.

We are, therefore, of opinion that this objection must be overruled.

It is also insisted, in this case, that under the circumstances the tenant's not objecting to the location of the wall, was not to be considered as evidence that he had agreed to the line.

When our lands were originally laid out into lots, very frail monuments were often adopted to designate where the lines were ; and in many instances very little care has been taken to renew and preserve the monuments ; and the consequence has been that much controversy has arisen in all parts of the country about the dividing lines between lots, and the law on the subject has been much discussed and well considered.

It is now a well settled rule in this state, that a line may be established by a parol agreement, so that the parties, and all claiming under them, will be forever bound by it. 6 *N. H. R.* 107, *Sawyer* vs. *Fellows ;* 5 *Mason* 16, *Wakefield* vs. *Ross.*

And a line may be established by an implied, as well as by an express, agreement. Thus, if one of two owners of adjoining lots erect a fence on what he supposes to be the true line between the lots, and the other acquiesces for a considerable time in such location of the fence, this is evidence of an agreement. 7 *Cowen* 761, *Rockwell* vs. *Adams ;* 7 *John.* 238, *Jackson* vs. *Ogden.*

In this case there never had been any dispute about the line. The wall erected by the demandant is admitted to be within eight feet of the true line. Now when the tenant saw that the demandant was erecting a permanent fence between their lands, what did fair dealing require of him, if he did not intend to acquiesce in the wall as on the true dividing line ? What was he likely to do, if he had considered the wall as an encroachment upon his land ? No doubt can be entertained as to what the answer to these questions must be. His silence, when fair dealing required him to speak, and state his objections, if he had any, raises a strong presumption against him. And if he had considered the wall as an encroachment, it is in the highest degree improbable that he would have said what he is proved to have said, when he saw where the demandant was placing the wall.

He may have been mistaken as to what the true line was,

it is true; but if he ever intended to question the line on which the wall was erected, he was bound at least to give the demandant notice that he did not intend to acquiesce in that line. His conduct on that occasion may not be conclusive against him; but, connected with the other evidence which went to prove that the wall was erected on a line to which the tenant had before agreed, it was, in our opinion, all that the judge who tried the cause told the jury it was —strong evidence of an agreement fixing the line.

*Judgment on the verdict.*