## MAXWELL vs. WARNER.

A witness testified that he was present at a conversation between the parties to the suit, from which he understood that the defendant had agreed to pay the plaintiff a debt which the plaintiff then had against one Richardson.

*Held*, that this evidence was admissible, although the witness did not state the language used by the defendant, from which the witness understood that he had made such an agreement.

ASSUMPSIT, for goods sold, money had and received, and money paid. Plea, the general issue.

The plaintiff contended that the defendant, having in his hands property belonging to one Bernice Richardson, in consideration thereof, and with the assent of Richardson, promised the plaintiff to pay him the balance due on a note which he then held against Richardson.

McCulloch, a witness for the plaintiff, deposed, that in the month of September, 1836, he was in the defendant's counting room, and the plaintiff came in, and a conversation took place between them about some money, and the defendant said that he would let him have some soon, on the Dr. Bernice Richardson debt. The plaintiff asked him if he was secured for the whole debt, (meaning the whole debt Richardson owed the plaintiff) and he answered that he was secure, and would let him have some money soon.

The plaintiff then proposed to read the remainder of the deposition, which was objected to by the defendant, as inadmissible; but the objection was overruled, and the evidence admitted, as follows:

"I understood that Warner had agreed to pay the Richardson debt to Maxwell, and that he had taken property for security of Richardson, but what kind of property he took for security I do not know."

The jury returned a verdict for the plaintiff, for the balance due on the note, which the defendant moved to set aside on account of the admission of the evidence aforesaid.

*Goodall*, for the plaintiff.

*Joseph Bell*, for the defendant.

Maxwell *v.* Warner.

GILCHRIST, J.* It is not necessary, in this case, in order to entitle the plaintiff to recover, that he should be able to prove the precise words used by the defendant in the conversation to which the witness has testified. The question is not as to the meaning of particular words and phrases, so that they must be particularly stated, in order that their meaning may be understood, but whether the defendant did or did not promise to pay the plaintiff the debt which Richardson then owed him. Nothing is more natural, or consistent with experience, than that a person should remember precisely what this witness remembered, and should forget just what this witness failed to recollect. He might understand the object for which the parties met, the subject of their conversation, the purpose which the plaintiff desired to accomplish, and the final result of their discussion; because these are the most material matters, and would alone be likely to dwell upon the recollection of a person who was not present for the express purpose of noting not only the agreement of the parties, but the language they used to express it. The ideas conveyed by the language would, probably enough, remain in the memory, while the terms used might be forgotten. It would be irrational to hold, that when the language used is immaterial, and unnecessary to be proved, a witness who remembers the substantial and necessary part, should be rejected because he has forgotten that part which there was no necessity that he should remember in order to prove a valid contract upon which a party might be charged. This would, in effect, be to hold that because he cannot remember the language used, he must necessarily have forgotten the ideas conveyed; a proposition so contrary to experience, that, to be refuted, *it needs only to be stated.*

We think, then, that there is no reason for excluding this witness, arising from the intrinsic improbability of his statement so that it could not be a safe basis for the action of a jury. Nor is there any greater danger of perjury, than if he

* WOODS, J., having been of counsel, did not sit.

repeated the language of the parties. He could swear false-
ly to the language used, as well as to his belief. He is as
clearly punishable for perjury in falsely swearing to his *be-
lief*, or *understanding*, of a fact, as if he had sworn to the
existence of the fact itself. *Miller's Case,* 3 *Wils.* 427 ;
*Pedley's Case,* 1 *Leach* 365.

In the case of *Eaton* vs. *Rice,* 8 *N. H. Rep.* 378, the ques-
tion was, where was the dividing line between certain lots
of land ? A witness, who was present at a conversation be-
tween the parties, testified that he understood, from their
conversation, that they then agreed where the true line was.
This evidence was excepted to by the tenant. It was said
by Richardson, C. J. : " If a witness should undertake to
state in detail all that was said by two persons in making a
contract, in the precise order in which it was said, and ex-
actly as it was said, it would amount to nothing more than
stating what he understood them to say.

" If, in all cases, a witness be required to state what was
said, so accurately that the jury may be enabled to judge,
by the terms used, what the contract was, it must frequently
happen that a contract not in writing cannot be proved at all.

" But the recollection of a witness, as to what an agreement
between parties was, according to his understanding of what
was said by them at the time, may be very satisfactory evi-
dence, although he may not be able to recollect distinctly
one word that was said. Indeed, in many cases it is the
best, the only evidence which a party can be supposed to
have it in his power to produce. The credit that may be
due to a witness in these cases, may depend much upon his
being able to detail enough of the conversation to show that
his understanding of the matter was probably right. But
what he understood is, in all cases, evidence to be weighed
by a jury."

In the case of *Jackson* vs. *McVey,* 18 *Johns.* 330, a wit-
ness was permitted to testify that certain premises were in-
cluded in a conveyance, although he could not recollect any

of the *courses* stated in the description of the premises. It is said by the court : " We consider the conclusion unsound, that because a witness cannot recollect the courses of a description in a deed, therefore he cannot prove the contents of it. A man may know that his farm is included in a deed taken from the vender, without being able, from memory, to state the particular courses." The principle of these decisions seems to authorize the admission of the evidence in the case before us, and we think it was properly admitted.

*Judgment on the verdict.*